UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEPHEN SAUNIER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| THE BOEING COMPANY, a Corporation, | ) |
| and LOT POLISH AIRLINES, a Corporation | ) |
| | ) |
| Defendants. | )   No. 13 C 8507 |
| | ) |
| _____ | )   Judge Sara L. Ellis |
| | ) |
| THE BOEING COMPANY, a Corporation, | ) |
| | ) |
| Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LOT POLISH AIRLINES, a Corporation, | ) |
| | ) |
| Third-Party Defendant. | ) |

## OPINION AND ORDER

In this matter, approximately 40 Plaintiffs brought suit against The Boeing Company ("Boeing") in the Circuit Court of Cook County, Illinois, alleging that they suffered injuries aboard a Boeing aircraft. Additionally, three Plaintiffs named the operator of the flight, LOT Polish Airlines ("LOT"), as a Defendant. Boeing answered the complaint and simultaneously filed third-party claim against LOT seeking contribution and indemnification. LOT then removed the entire case to federal court under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1330(a), 1441(d), 1602 *et seq*. Now before the Court is Plaintiffs' motion to sever the claims against Boeing from the first- and third-party claims against LOT and to remand the claims against Boeing to state court. The Court denies Plaintiffs' motion [15]. Removal was

proper under the FSIA, which governs actions against foreign governments and corporations like LOT that are majority owned by foreign governments. Because removal was based on the FSIA rather than § 1331 subject matter jurisdiction, the Court finds that the entire action may remain in federal court. Additionally, the Court finds that even if the FSIA did not provide federal jurisdiction over the entire action, the Court has original jurisdiction over the claims against LOT and supplemental jurisdiction over Plaintiffs' claims against Boeing.

**BACKGROUND**

Plaintiffs were passengers aboard LOT flight 16 from Newark, New Jersey to Warsaw, Poland on November 1, 2011 ("Flight 16"). LOT is majority owned by the Republic of Poland. Flight 16's landing gear did not deploy, resulting in a wheels-up landing at Warsaw's Chopin Airport. Approximately 40 of Flight 16's passengers brought an Illinois state court complaint against Boeing alleging that Boeing was responsible for their physical and emotional injuries resulting from the wheels-up landing. Plaintiffs assert that Boeing is liable for their injuries because the landing gear failed to deploy as a result of multiple failures in the aircraft's central hydraulic system, that the aircraft did not properly warn crews of these failures, and that Boeing did not adequately educate crews in responding to these failures. Three of those Plaintiffs also brought state law claims against LOT, alleging that as the operator of the aircraft, LOT was liable for their injuries.

Boeing answered the complaint and also brought a third-party complaint against LOT in Illinois state court seeking contribution and indemnification. In short, Boeing alleges that any injuries were proximately caused by the negligence of LOT personnel, and asserts that LOT had agreed to defend, hold harmless, and indemnify Boeing for all damages awarded to Plaintiffs as

well as expenses Boeing incurs defending Plaintiffs' claims. LOT removed the entire action to federal court under 28 U.S.C. § 1441(d).

## LEGAL STANDARD

A case filed in state court that could have been filed originally in federal court may be properly removed to federal court. 28 U.S.C. § 1441; *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000). The removing party bears the burden of demonstrating that removal is proper, and any doubt regarding jurisdiction should be resolved in favor of remand. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). A case may be remanded for lack of subject matter jurisdiction or, if timely raised, for failure to comply with the removal statutes. 28 U.S.C. §§ 1446, 1447(c); *GE Betz, Inc. v. Zee Co.*, 718 F.3d 615, 625–26 (7th Cir. 2013).

## ANALYSIS

**I.     Mandatory Severance and Remand**

Plaintiffs assert that § 1441(c)(2) requires the Court to sever all claims against Boeing and to remand these claims to state court. Section 1441(c) applies to joinder of federal and state law claims. It provides that if a civil action includes a claim governed by § 1331 federal subject matter jurisdiction and another claim not within a federal court's jurisdiction, the entire action may be removed to federal court. But after such removal, a district court "shall sever from the action all claims" not within the court's original or supplemental jurisdiction. 28 U.S.C. § 1441(c)(2).

Defendants contend that § 1441(c) is irrelevant here and that § 1441(d), the jurisdictional provision of the FSIA, provides jurisdiction over the entire action. The FSIA applies to suits against foreign states. Section 1441(d) sets out that "[a]ny civil action against a foreign state . . .

3

may be removed" to federal district court and that "[u]pon removal the action shall be tried by the court without jury." 28 U.S.C. § 1441(d). The provision applies not only to foreign states, but also their instrumentalities, including businesses like LOT that are majority owned by a foreign government. *Dole Food Co. v. Patrickson*, 538 U.S. 468, 477, 123 S. Ct. 1655, 155 L. Ed. 2d 643 (2003) ("A corporation is an instrumentality of a foreign state under the FSIA only if the foreign state itself owns a majority of the corporation's shares.").

Boeing and LOT, who separately respond to Plaintiffs' motion, argue that severance and remand as set out in § 1441(c) does not apply to actions removed to federal court under the FSIA. Rather, they argue that § 1441(c) applies only to actions where the federal claim derives federal subject matter jurisdiction from § 1331. Defendants further contend that removing the entire action is appropriate where some claims are governed by the FSIA. The Court agrees with Defendants. By its own terms, § 1441(c) applies only to actions that derive federal jurisdiction via § 1331. Therefore, the severance and remand provision in § 1441(c)(2) is inapposite to the present case, which derives its federal jurisdiction from the FSIA.

Congress enacted the FSIA to establish standards governing when foreign states and their instrumentalities may be sued in the United States. *In re Air Crash Disaster Near Roselawn, Ind. on Oct. 31, 1994*, 96 F.3d 932, 936 (7th Cir. 1996). The FSIA preserves a foreign state's immunity from suit unless the foreign sovereign waives such immunity or engages in commercial activity. *Id*. But where a suit against a foreign sovereign is allowed to proceed, the FSIA provides federal jurisdiction and dictates that judges, not juries, will serve as the arbiters of fact. *Id*. In enacting the statute, Congress intended to "insulate foreign states from jury trials" and "to promote uniformity in cases involving foreign governments" by providing foreign sovereigns with access to federal courts. *Id.* at 936–37.

The Seventh Circuit has interpreted § 1441(d) broadly, finding that it grants federal jurisdiction over an entire action if any claim falls within the FSIA. In *Roselawn*, Plaintiffs sued a domestic airline and an Italian and French government-owned aircraft manufacturer. Like here, some plaintiffs did not name the manufacturer as a direct defendant, but on those claims the airline sought indemnification and contribution from the manufacturer via a third-party complaint. *Id*. The *Roselawn* plaintiffs asserted, as Plaintiffs assert here, that § 1441(d) provides federal jurisdiction only to third-party claims against the foreign state defendant, not the claims against the domestic defendant. The district court rejected this argument and the Seventh Circuit agreed, holding that the entire action may remain before the federal court, not only those claims against the foreign sovereign. The Seventh Circuit pointed out that "[n]early all courts to have considered this issue have rejected plaintiffs' position and held that where minimal diversity exists between parties, a foreign state may invoke § 1441(d) to remove an entire suit." *Id.* at 942. The Seventh Circuit further pointed out that this reading of § 1441(d) "is consonant with the congressional intent behind the FSIA: to create a uniform body of law . . . by establishing federal courts as the preferred forum for cases involving foreign states." *Id*.

Other courts in this district have come to the same conclusion. *Marshall v. Boeing Co.* involves this very same airplane crash and a nearly identical factual situation. The *Marshall* plaintiffs sued Boeing in Illinois state court, Boeing filed a third-party complaint against LOT, and LOT removed the case to federal court. *Marshall v. Boeing Co.*, 940 F. Supp. 2d 819, 822 (N.D. Ill. 2013). Judge Gettleman denied the plaintiffs' motion to sever and remand, finding that § 1441(d) provides jurisdiction over the entire suit and that the severance provision in § 1441(c) does not apply. *Id*. In another airplane crash case, Judge St. Eve reached the same conclusion, noting that § 1441(c)(2) "provides no authority to remand in this case" because that provision is

expressly limited to suits where removal is based on a federal claim under § 1331. *Thornton v. Hamilton Sundstrand Corp.*, 12 C 329, Doc. 42 at 2 n.2. (N.D. Ill. Apr. 5, 2012) (citing *Adkins v. Ill. Cent. R. Co.*, 326 F.3d 828, 847 (7th Cir. 2003)).

Plaintiffs attempt to distinguish *Marshall* and *Thornton* by pointing out that here, Plaintiffs sued not only Boeing, but also LOT. Because LOT is a direct defendant, Plaintiffs argue that LOT could have removed this case based on federal question jurisdiction, which would enable Plaintiffs to sever and remand under § 1441(c)(2). The Court finds this argument unconvincing. Whether LOT could have removed the case under § 1441(c)(1), LOT actually removed the case under the FSIA. Moreover, Plaintiffs acknowledge that the entire action was properly removable under § 1441(d). Plaintiffs offer no valid reason why including a foreign entity as a direct defendant should impact the Court's analysis. Additionally, by attempting to distinguish *Marshall* and *Thornton*, Plaintiffs fall squarely into the factual scenario in *Roselawn*. There, like here, some plaintiffs named a foreign sovereign as a direct defendant and Boeing named the same foreign sovereign as a third-party defendant. *Roselawn*, 96 F.3d at 935. The Seventh Circuit found that the entire case was properly within the district court's jurisdiction. Therefore, the Court rejects Plaintiffs' request to sever and remand the case under § 1441(c).

## II. Discretionary Remand

Next, Plaintiffs argue that the Court should exercise its discretion to sever and remand the claims against Boeing "for practical and important policy reasons." Doc. 19. Plaintiffs contend that severance is most efficient because if the claims remain together before this Court, the Court will be required to oversee a state law products liability suit while also interpreting the indemnity agreement between Boeing and LOT. The Court is not concerned that resolving these separate issues will materially delay resolution of the parties' claims. Rather, the Court finds that keeping

the cases together would be most efficient because there is significant overlap between the facts necessary to decide Plaintiffs' claims against Boeing and LOT, and Boeing's third-party contribution claim—specifically, what happened onboard Flight 16 that caused its landing gear to fail. The fact that three Plaintiffs have sued LOT directly makes this overlap even stronger than if Plaintiffs had sued only Boeing. The efficiency of hearing the entire action here is further enhanced because two other cases involving Flight 16 are also pending before the Court. *Marshall v. The Boeing Co.*, 13 C 188 (N.D. Ill.); *Ryszko v. LOT*, 13 C 188 (N.D. Ill.). Both *Marshall* and *Ryszko* involve not only the same wheels-up landing of Flight 16, but also the same issue of LOT's foreign sovereignty. Therefore, contrary to Plaintiffs' suggestion, considerations of judicial efficiency weigh in favor of retaining the entire action before this Court.

Plaintiffs also contend that remand is appropriate because § 1441(d) requires claims against LOT to be tried before the Court, rather than a jury. But in *Roselawn*, the Seventh Circuit found that courts can avoid this problem by "interpreting the FSIA to allow a jury trial on the claims against the domestic defendants." *Roselawn*, 96 F.3d at 937. The Seventh Circuit made clear that the FSIA "permits foreign states to remove entire civil actions in which they are parties, thus preserving their immunity from jury trial while it also permits jury trials against non-foreign state parties." *Id.* at 943. Therefore, the Court will decide the claims against LOT, but a jury will decide the claims against Boeing. This is relatively common in FSIA cases. *See In re Aircrash Disaster Near Roselawn, Indiana on October 31, 1994*, 909 F. Supp. 1083, 1113 (N.D. Ill. 1995), *aff'd*, 96 F.3d 932 (citing several cases).

Plaintiffs rely heavily on *Lie v. Boeing Co.*, in which the district court remanded the action *sua sponte* after the third-party defendant and foreign sovereign removed the case to federal court. 311 F. Supp. 2d 725 (N.D. Ill. 2004). But the district court in *Lie* distinguished

7

the case from *Roselawn* by pointing out that in *Roselawn* the foreign sovereign that removed the action to federal court was a direct defendant, not merely a third-party defendant as was true in *Lie*. *Id.* at 726. The *Lie* court remanded largely because "an entity not sued by plaintiffs" removed the entire case. *Id.* at 728. But here, Plaintiffs have chosen to sue LOT, a foreign sovereign, therefore the Court cannot distinguish *Roselawn* on this point nor could Plaintiffs claim surprise when LOT exercised its right to remove the case to federal court.

Moreover, at least one circuit court of appeals has held that district courts do not even have discretion to remand any portion of a case that has been removed under § 1441(d). *In re Surinam Airways Holding Co.*, 974 F.2d 1255, 1260 (11th Cir. 1992) ("The language of § 1441(d) cannot be construed to grant the district court discretion whether to exercise this jurisdiction once it determines that § 1441(d) has been properly invoked."). Moreover, as the Ninth and Eleventh Circuits have pointed out, the "legislative history of § 1441(d) shows that Congress intended to 'give sovereign foreign defendants an absolute right to a federal forum coupled with an unusually strong preference for the consolidation of claims.'" *Id.* (quoting *Teledyne, Inc. v. Kone Corp.*, 892 F.2d 1404, 1409 (9th Cir. 1989)). Therefore, to the extent that the Court has discretion to sever and remand the claims against Boeing, the Court declines to do so because practical considerations weigh in favor of resolving the entire action before the Court.

### III. Supplemental Jurisdiction

Additionally, the Court finds that it has jurisdiction over Plaintiffs' claims against Boeing based on supplemental jurisdiction. *Roselawn*, 96 F.3d at 943; *Marshall*, 940 F. Supp. 2d at 822. Section 1367(a) provides that if a district court has original jurisdiction over some claims in an action, it shall have supplemental jurisdiction over other claims that form part of the same case or controversy. 28 U.S.C. § 1367(a). Claims are part of the same case or controversy if they

"derive from a common nucleus of operative facts. A loose factual connection between the claims is generally sufficient." *Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir. 1995) (citations omitted). Plaintiffs acknowledge that the FSIA provides the Court with original jurisdiction over Plaintiffs' and Boeing's claims against LOT. The Court finds that the first- and third-party claims against LOT share a common nucleus of operative fact with Plaintiffs' claims against Boeing. All of these claims will involve a common question—what caused the landing gear onboard Flight 16 to fail. In *Marshall*, the district court found that it had supplemental jurisdiction over the state law claims arising from this same crash because "Boeing's allegations against LOT are directly related to the emergency landing at issue in plaintiffs' action against Boeing." *Marshall*, 940 F. Supp. 2d at 822; *see also Roselawn*, 96 F.3d at 943 ("even if we did not find § 1441(d) broad enough to encompass pendent party jurisdiction, a third-party foreign state defendant can remove this entire case on the basis of supplementary jurisdiction"). Here, the factual connection between the claims is even stronger than in *Marshall* because three Plaintiffs have sued LOT directly. Therefore, the Court finds that even if the FSIA did not provide the Court with original jurisdiction over the entire action, the Court has supplemental jurisdiction over Plaintiffs' claims against Boeing.

## CONCLUSION

For the foregoing reasons, the Court denies Plaintiffs' motion to sever and remand [15].

Dated: April 23, 2014

SARA L. ELLIS
United States District Judge